7247

### CLINE v. FARMERS' OIL MILL.

PAROL EVIDENCE—WRITTEN INSTRUMENTS.—A simple promissory note for $150, for one bay mare mule, cannot be defeated by parol evidence to the effect that that sum was only to be paid in case the maker collected $50 of one man and $50 of another, as this evidence would vary the terms of the note.

Before MEMMINGER, J., Cherokee, March, 1909. Affirmed.

Action by H. S. Cline against Farmers' Oil Mill. The reasons given by the trial Judge for refusing the motion for a new trial are:

"The action was upon an instrument in writing in the nature of a promissory note, of which the following is a copy: 'Gaffney, S. C., August 24, 1908. The Farmers' Oil Mill promises to pay to H. S. Cline one hundred and fifty dollars for one bay mare mule, by September 15, 1908. (Signed) Farmers' Oil Mill, by R. C. Sarratt, president and treasurer.'

"The answer admits the instrument, and sets up as a defense that the defendant was not to pay said $150 unless it could collect $100 thereof from other persons named; that said collections could not be made; that the instrument was intended as a bond, etc.; and that the failure of these alleged conditions rendered it ineffective, and prays cancellation of the instrument and dismissal of complaint.

"Upon objection to testimony as to the alleged defense, I held that the testimony tended to and did vary, contradict and add to the terms of the written instrument, and that as the answer attempted no other defense, and such testimony was inadmissible, the case for the plaintiff having been proved, the jury should find for plaintiff, and it was so ordered.

"At the request of plaintiff's attorney I heard· a motion for new trial before adjournment at Gaffney, on the ground that my said ruling was erroneous; and I have since gone carefully over the authorities presented and many others on my own research. The question presented is perhaps delicate of solution, the principle being easy and certain but the application of it difficult in each particular case.

"However, howsoever plausible the argument to the contrary may be, I am clear for adhering to the ruling made at the trial.

"I think the case is precisely with and controlled by the following decisions of our Supreme Court, any one of which would demonstrate the correctness of the ruling, to wit: *Gazoway* v. *Moore,* Harper's Law, 401; *McDowell* v. *Bleckley,* Reports Constitutional Court (1817-1818), Vol. II, 265; *McClannaghan* v. *Hines,* 2 Strob. Law., 122; *McGrath* v. *Barnes,* 13 S. C., 328; *Blassingame* v. *Laurens,* 80 S. C., 43.

"The reasoning and principal authority relied· upon to the contrary (*Ware* v. *Allen,* 128 U. S., 490) are upon the totally different principle that parol testimony is admissible to show that a condition upon which ·a written instrument was to become effective never occurred; that it was not a question of contradicting or varying a written instrument by parol evidence, but of that class of cases, well recognized in the law, by which an instrument, whether delivered to a third person or to the obligee himself, is made to depend as to its going into operation upon events to occur or be ascertained thereafter. This was the principle recognized and followed in *Robertson* v. *Evans,* 3 S. C., 330—not contradicting, varying or adding to the terms of the instrument, but to show that it was not to bind at all if these conditions failed.

"In the case under consideration, however, there is no way of twisting or turning it, howsoever adroitly, but that if the allegations of the answer are taken as proved, the

contract of the parties as set out in the instrument is contradicted, varied and added to.

"The obligation which defendant assumes under the instrument is to pay $150, and the consideration thereof is 'one bay mare mule.' No fraud, nor even mistake, is alleged. It is not claimed that defendant did not get the mule in question, or that the mule was unsound in any respect, and so no consideration or failure of consideration is sought to be established; but it all seeks to show that defendant was not in fact to pay $150 unless it collected $50 from one person and $50 from another, and if so, it would pay $50 (peculiarly like the Hines case, *supra*).

"This would necessarily be a totally different obligation from that appearing, with no uncertainty of expression, upon the face of the instrument sued on, contradicting and varying the instrument entirely. If such was the obligation desired and agreed upon, why not have it put into the instrument? Failing to have done so, the instrument must control—*'litera scripta manet.'*

"From the case of *McDowell* v. *Bleckley, supra,* the following quotation, though elementary, is pertinent: 'Here is a clear, explicit and unequivocal written agreement to pay certain sums of money depending upon contingencies which are also expressly stipulated. The verbal evidence went to prove a different contract. In the language of Lord Ellenborough, I might say, "If the parol evidence were admissible in this case, in what instance might not a party by parol testimony superadd any term to written agreement, which would be setting aside all written contracts and making them of no effect?" It is not only a sound and salutary rule of law, but it is equally a rule of common sense, that written contracts should not be controlled by oral testimony. The various conceptions of different minds on the same subject, the liability of all persons to forgetfulness, the influence of passion, prejudice and interests, renders unwritten contracts at all times uncertain. But, *litera*

*scripta manet.* It can not change with times or circumstances, and when a contract is reduced to writing the law presumes that the writing contains the whole agreement.'

"And I desire only to further add (in view of the great number of cases arising at this very sitting of the Court wherein written agreements were sought to be avoided by verbal understandings contradictory thereof), as is done in the Blassingame case, *supra,* the language so often quoted from the case of *Murrell* v. *Murrell,* 2 Strob. Eq., 154, 'a party fully competent to protect himself, under no disability, advised as to all circumstances by which he might be saved in his rights, or in a situation where he might, by due diligence, be so advised, not overreached by fraud, concealment or misrepresentation, nor the victim of a mistake against which prudence might have guarded, has no right to call upon courts of justice to protect him against the consequences of his own carelessness and to disturb the peace of society by his clamors for that justice which he has voluntarily or negligently surrendered. Motion for new trial is refused, and it is so ordered."

From judgment, defendant appeals.

*Messrs. Butler & Hall,* for appellant, cite: 17 Cyc., 641; 3 S. C., 330; 32 S. C., 243; 128 U. S., 590; 153 U. S., 228; 50 S. E., 262; 3 Philips' Evidence; Cowens & Hill's notes, 1461, 1460; 8 Ency., 353; 79 S. C., 442; 6 Am. & Eng. Anno. Cas., 167; 3 Id., 560, 559; 17 Cyc., 722; 3 McC., 269; 1 McC., 258; 1 Rich. Eq., 426; 80 S. C., 480; 17 Cyc., 676, 677, 682.

*Mr. J. E. Webster,* contra, cites: 3 McC., 277; 13 S. C., 332, 340; 19 S. C., 607; 48 L. R. A. (N. S.), 607; 3 Id., 741; 54 Ark., 525; 2 McArth., 329; 2 Ind., 532; 20 Ind., 163; 54 Neb., 456; 7 Ill., 265; 51 Ind., 539; 2 McArth., 329; 51 Ind., 426; 121 Ind., 6; 7 Mass., 518; 11 Barb., 147; 70 Tex., 620; 7 Wis., 532; 91 U. S., 352; 95 U. S., 475;

Harp. L., 401; 2 Con. R., 265; 2 Strob. L., 265; 13 S. C., 328; 80 S. C., 43; 2 Strob. Eq., 154.

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts are thus stated in the record:

"This is an action on an alleged promissory note, of which a copy is set out as an exhibit herein. On the trial of the case before Judge R. W. Memminger, after plaintiff had proved the execution and delivery of the note sued on, the defendant's attorney commenced to cross-examine the plaintiff, who was a witness, on the stand, with reference to the matters set up in the answer of the defendant as a defense, whereupon the attorney for the plaintiff objected to the questions and answers, on the ground that the same tended to vary and contradict the terms of the written note sued on. After argument, the Court held that the defense set up in the answer was not a valid defense, as it sought to vary the terms of the instrument sued on, and sustained the objections to the questions propounded on cross-examination, and refused to allow any further testimony in support of the answer. Plaintiff then closed, whereupon the defendant offered the witnesses, R. C. Sarratt, president of the Farmers' Oil Mill, and T. G. McCraw, also an officer thereof, with whom the contract between plaintiff and the defendant was made, to prove the defense set up in the answer. The Court refused to allow testimony by said witnesses in support of the answer on the grounds above set out, and directed the jury to find a verdict for the plaintiff for the full amount sued for, which was done. Defendant's attorneys then moved for a new trial, upon the grounds that the answer contained a complete defense and that there was ambiguity enough in the terms of the note to give defendant the right to prove by parol what the contract really meant. The motion was refused, and judgment entered upon the verdict. From the

refusal of the motion for a new trial, and the judgment, defendant gave due notice of intention to appeal to the Supreme Court."

The reasons assigned by his Honor, the Circuit Judge (which will be reported) are satisfactory to this Court, and the appeal is dismissed.