9161

BAILEY v. SAVANNAH GUANO CO.

(86 S. E. 7.)

MASTER AND SERVANT. CONTRACT OF EMPLOYMENT. PLEADINGS.

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT.—Where a contract of employment provided for commissions on business produced by a salesman, the latter had nothing to do with the delivery of the goods sold by him, and could recover commissions on all sales accepted or confirmed by his master.

2. PLEADINGS.—A complaint alleging that plaintiff has performed all services required by the contract of employment, is a sufficient allegation of performance of conditions precedent.

Before WILSON, J., Columbia, March, 1915.    Affirmed.

Action by J. Frank Bailey against Savannah Guano Company. From an order overruling a demurrer to complaint, the defendant appeals. The material allegations of the complaint were as follows:

That on or about the 18th day of September, 1913, plaintiff and defendant herein entered into a contract of employment, of which the following is a copy:

"Savannah Guano Company, Savannah, Ga., September 18, 1913. Mr. J. F. Bailey, Columbia, S. C. Dear Sir: We hereby offer you employment for one (1) year from August 1st, 1913, as one of our traveling representatives at a salary of $900.00 to be paid in equal monthly installments of $75.00 per month for the term and your legitimate traveling expenses. This salary is based upon your producing a business of 1,500 tons, and upon tonnage shipped to your customers over and above 1,500 tons you are to receive additional compensation at the rate of 50c per ton.

You are to give to the duties of the position your entire time and attention. These duties will include traveling in our interest; the making of contracts subject to our approval for the placing and sale of our goods; the col-

lection of such accounts and notes of agents and customers as we may direct; the getting in of notes and accounts of agents and customers, and the getting in of planters' notes and accounts taken by them; the arrangement of settlement of any matters growing out of the business done by you or by any of our other representatives for us, in such manner as we may direct; and generally the faithful and prompt execution and performance of any duty incident to our business, outside of office work, manufacturing and shipping, that may be assigned to you by us.

It is understood and agreed that you are to operate under the direction of Mr. Lucius Tilley, you reporting all matters to him, and he will designate to you, and have a right to assign to you, whatever territory he desires you to cover.

This proposition, which is in duplicate, becomes a completed contract upon your signing and dating the acceptance written below (which is also in duplicate) within ten (10) days from the date hereof, and returning one of the duplicates to us at once, you retaining the other duplicate.

Of course, should your personal conduct or habits during the term be such as to, in our opinion, impair your usefulness to us we will be at liberty to terminate this contract immediately on notice to you. Yours very truly, Savannah Guano Company, A. J. Ives, B., Secretary. September 22d, 1913.

The foregoing proposition is hereby accepted. J. F. Bailey."

That subsequently an amendment or correction of the said contract was made in the following words:

"Savannah, Ga. September 19, 1913. Mr. J. F. Bailey, Columbia, S. C. Dear Sir: We sent you yesterday a contract for you to sign and return to us. We find that certain of the terms were in error, particularly as to the compensation to be received by you on all tonnage in excess of 1,500 tons.

We want you to use this as an amendment to, and part of, the contract sent you yesterday, and it was understood that on all tonnage over 1,500 tons, and not exceeding 2,500 tons, you are to receive 60c per ton, and on all tonnage over 2,500 tons, and not exceeding 3,000 tons, you are to receive 50c per ton additional compensation. Should you sell, and should we deliver upon your sales in excess of 3,000 tons, you are not to receive any additional compensation on this excess. Yours very truly, Savannah Guano Company, A. J. Ives, B., Secretary. WYH-m."

Which said amendment was accepted by the plaintiff herein.

That thereupon the plaintiff immediately went to work for the defendant, giving his entire time and attention to his duties, traveling in the interest of defendant, making contracts subject to its approval, collecting accounts and notes of agents and in the performance of all matters enumerated in paragraph two (2) of said contract; that contracts for shipment of 2,649.5 tons of fertilizer were obtained by plaintiff and approved by the defendant company, and that such contracts were legally binding upon the purchasers and capable of enforcement at law by the defendant.

That plaintiff herein has done all things by him to be done and performed under the aforesaid contract, and that defendant has duly paid plaintiff his salary, according to the contract, but fails and refuses to pay the plaintiff the commissions under the contract, amounting to $674.75, which he has earned for his year's work, although repeated demands have been made for the same.

*Messrs. Nelson & Gettys,* for appellant, cite: *As construction of contract:* 44 Minn. 46; 9 Pa. Sup. Ct. Rep. 1; 36 N. J. L. 328; 101 Mass. 257; 3 Am. Rep. 352.

*Messrs. Johnstone & McLain* submit: *Ambiguity in contract should be construed against defendant who prepared*

*it:* 136 Ga. 186; 146 N. C. 513; 79 Ga. 105; 3 S. E. 445.
*Forfeitures not favored:* 84 S. C. 209.    *Question for jury:*
119 Ga. 1; 45 S. E. 713; 89 S. C. 73; 66 S. C. 459, 463.

August 18, 1915.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is a suit to recover commission alleged to be due
under contract of employment.    The defendant demurred
to the complaint on the ground that it did not state facts
sufficient to constitute a cause of action.    His Honor, Judge
Wilson, overruled the demurrer, and defendant appeals
therefrom and makes two exceptions in the case, as follows:
"1. That his Honor, the presiding Judge, erred in overrul-
ing defendant's demurrer and in refusing to dismiss the
complaint herein, upon the ground: 'That the complaint
does not state facts sufficient to constitute a cause of action,
in that the contract set out in the complaint provides for a
commission to plaintiff on all tonnage in excess of 1,500
tons shipped or delivered by defendant to plaintiff's cus-
tomers, and there is no allegation in the complaint that any
tonnage in excess of 1,500 tons was shipped or delivered
by the defendant to plaintiff's customers, or that any ton-
nage was shipped.'    The error being that his Honor
should have sustained the demurrer and dismissed the com-
plaint for the reasons set forth in said demurrer.

2. That his Honor, the presiding Judge, erred in over-
ruling defendant's demurrer and in refusing to dismiss the
complaint herein, upon the ground stated in said demurrer.
The error being that it appears that the suit is for commis-
sions alleged to be due under a written contract of employ-
ment, and the complaint fails to show that the conditions
precedent to the payment of said commissions, and which
conditions were fixed by the contract of the parties, have
ever been fulfilled, and there being an express contract
there can be no recovery upon a *quantum meruit.*"

These exceptions present a single question. It is contended by the defendant that the contract sued on is a conditional contract and complaint contains no allegation of the performance of the condition, the condition being that the goods were to be delivered to the customers found by the plaintiff before his commissions were due. The contract is contained in two letters set out in full in the complaint. The complaint sets out a good cause of action; it sets out a contract whereby it can be inferred that the plaintiff's commissions were based on business produced, and not goods delivered; by the terms of the contract the plaintiff had nothing to do with the delivery of the goods. When the plaintiff produced the customers he had performed his part of the contract, and it was then for the defendant to accept or reject the sale, and the complaint alleges that the sales made by the plaintiff were accepted or confirmed by the defendant.

The demurrer admits the facts as pleaded in the complaint, and complaint alleges specifically that the plaintiff has performed all the services that he was required to perform under the terms and conditions of the contract. That being admitted by the demurrer, the plaintiff has stated a cause of action that will entitle him to recover. We see no error on the part of the Circuit Judge, as complained of.

The exceptions are overruled. Judgment affirmed.