9529

BAILEY v. SAVANNAH GUANO CO.

(90 S. E. 317.)

1. PRINCIPAL AND AGENT—COMPENSATION—CONTRACT.—Under a contract of employment as traveling representative at a salary based on producing a business of 1,500 tons, and commissions on tonnage shipped to his customers over and above that amount, sales to be made subject to the employer's approval, the commissions depended upon the sales actually accepted and approved, or the business produced, and not on the goods delivered.

2. CUSTOMS AND USAGES—EVIDENCE.—While custom may be relevant in doubtful cases, a general custom of the fertilizer trade was irrelevant, where there was no doubt at the time of the trial as to the terms of contract sued on.

3. PRINCIPAL AND AGENT—ACTION FOR COMMISSION—EVIDENCE—LETTER. —In a salesman's action upon a contract for a salary based on a certain amount of sales, and for commissions for excess sales, the employer's letter offering employment on certain terms, being simply the act of one party to the contract, was irrelevant.

Before BOWMAN, J., Columbia, October, 1915. Affirmed.

Action by J. Frank Bailey against the Savannah Guano Company. Judgment for plaintiff, and defendant excepts and appeals.

See, also, 101 S. C. 448, 449, 86 S. E. 7.

*Messrs. Nelson & Gettys,* for appellant, cite: *As to conditions precedent:* Code Civ. Proc., sec. 212; 93 S. C. 537. *Interpretation of contract:* 49 N. Y. 464; 89 S. C. 73. *Nonsuit for failure to prove conditions precedent:* 69 S. C. 303; 9 Cyc. 669; 44 Minn. 46; 36 N. J. L. 328. *Construction of contract by parties:* 81 S. C. 73; 21 A. & E. Enc. of L. 115. *Custom:* 49 S. C. 464; 89 S. C. 73; 5 Wall. 689.

*Messrs. Johnstone & McLain,* for respondent, cite: *As to custom:* 44 S. C. 242, 243; 12 Cyc. 1297; 102 Ill. App. 120. *Former decision:* 65 S. C. 418; 100 S. C. 487; 14 S. C. 358; 63 S. C. 400.

October 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant is engaged in the fertilizer business, and employed the respondent as its salesman. The salesman was, under the contract, to receive a salary for the first 1,500 tons, and certain commissions on all over that amount. The salesman (respondent) claims to have sold, within the meaning of the contract, 2,649.5 tons, and claimed commissions on the excess over 1,500 tons. The company denied liability, and this action was commenced. The defendant (appellant) demurred to the complaint. The demurrer was overruled, an appeal was taken to the order overruling the demurrer, and this Court sustained the order, as will appear from 101 S. C. 448, 449, 86 S. E. 7.

The plaintiff claimed that the basis of his compensation was the orders sent in by him and approved by the defendant. The defendant claimed that it was not the approved orders, but the goods shipped on those approved orders that

formed the basis of compensation, and inasmuch as the complaint did not state the number of tons shipped, the complaint did not state a cause of action.

In passing on that question, this Court said:

"The complaint sets out a good cause of action; it sets out a contract whereby it can be inferred that the plaintiff's commissions were based on business produced, and not goods delivered; by the terms of the contract the plaintiff had nothing to do with the delivery of the goods. When the plaintiff produced the customers he had performed his part of the contract, and it was then for the defendant to accept or reject the sale, and the complaint alleges that the sales made by the plaintiff were accepted or confirmed by the defendant. The demurrer admits the facts as pleaded in the complaint, and complaint alleges specifically that the plaintiff has performed all the services that he was required to perform under the terms and conditions of the contract. That being admitted by the demurrer, the plaintiff has stated a cause of action that will entitle him to recover. We see no error on the part of the Circuit Judge, as complained of."

On the trial of the cause, the defendant offered to prove the number of tons shipped out, the appellant asked for a construction of the customer's contracts, offered to prove a letter from the defendant to the plaintiff written subsequent to the contract of employment, and moved for a direction of a verdict in its favor. All of these were refused. The defendant's witnesses admitted that the plaintiff had performed his duties acceptably. His Honor, Judge Bowman, directed a verdict in favor of the plaintiff.

1. The first question is as to the basis of commissions. This question is *res adjudicata*. No clearer statement can be made than that to be found in 101 S. C. 448, 449, 86 S. E. 7. The exceptions that raise this question are overruled.

2. The number of tons shipped was irrelevant, as that was not the basis of settlement.

3. Custom may be relevant in doubtful cases. This was certainly not a doubtful case at the time of trial.

4. The contract between the defendant and its customers was not in issue. The contract here was that between the plaintiff and the defendant.

5. The letter was irrelevant. It was simply the act of one party to the contract. It takes two to make a contract, and two to modify it. A contract would be little protection if, after the contract is made and partly fulfilled, one party could modify it by writing a letter.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK dissents.