## 10936

### ASBILL MOTOR CO. v. CHAPLIN

#### (112 S. E. 921)

EVIDENCE—PAROL CONTEMPORANEOUS AGREEMENT TO PROTECT BUYER AGAINST DECLINE IN PRICE INADMISSIBLE.—Where buyer of an automobile executed notes secured by a mortgage for the unpaid portion of the price, parol evidence that seller at the time of the trade agreed to credit buyer with any decline in the price of that particular make of car, and there had been such a decline, was inadmissible under the parol evidence rule.

Before WHALEY, J., County Court, Richland, 1922. Affirmed.

Action by Asbill Motor Co. against M. Chaplin. From directed verdict for plaintiff, defendant appeals.

*Messrs. Holman & Holman* and *Jas. S. Verner,* for appellant, cite: *Error to exclude evidence in support of allegations of answer*: 61 S. C., 166; 72 S. C., 362; 65 S. C., 138; 89 S. C., 73; 85 S. C., 493; 2 Ann. Cas. 416; 22 Ann. Cas. 781; 26 Ann. Cas., 37. *Answer alleged breach of contract and evidence was admissible as to his damage from such breach*: 92 S. C., 569; 90 S. C., 454; 108 S. C., 66.

*Mr. C. S. Monteith,* for respondent, cites: *Case is controlled by* 83 S. E. 204; 69 S. C., 93; 91 S. C., 316.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action of claim and delivery for the possession of an automobile upon which the plaintiff claims to hold a chattel mortgage to secure a past-due note.

The defendant purchased an automobile from the plaintiff for $1,425, for which he paid $325 cash, delivered a used car valued at $500, and gave notes aggregating $600 for the balance. He set up as a defense to the action that at the time of the trade the plaintiff agreed that, if the particular make of car declined in price, the defendant would be allowed a credit of the amount of such decline upon said notes, that the price had declined $315, and that with that credit and certain payments made by him there was only due $35 upon the notes which he tendered.

Upon the trial the presiding Judge excluded testimony tending to establish that defense and directed a verdict for the plaintiff. The defendant has appealed.

Under the case of *Cline v. Farmers' Oil Mill,* 83 S. C., 204, 65 S. E., 272, the testimony was clearly obnoxious to the rule prohibiting parol evidence to vary the terms of a written instrument.

The judgment of this Court is that the judgment appealed from be affirmed.