## 10966

### ARMOUR FERTILIZER WORKS v. HYMAN
### (113 S. E. 330)

1. EVIDENCE—EXCLUSION OF PAROL EVIDENCE AS TO A COMMISSION TO BE ALLOWED A PURCHASER OF GOODS HELD PROPER.—In an action by the assignee against the maker of a note given for the purchase price of goods, where a written contract for the sale of the goods provided that there was no other agreement, verbal or otherwise, and stipulated that the settlement prices given thereunder should be final unless changed by supplemental agreement in writing, the exclusion of parol evidence of a verbal agreement whereby the seller was to allow defendant a discount or commission on the goods consigned under the written contract was proper, since its effect was to vary the terms of the written contract.

2. CUSTOMS AND USAGES—EXCLUSION OF EVIDENCE AS TO CUSTOMS OF TRADE TO ESTABLISH A COUNTERCLAIM WHICH WAS INADMISSIBLE, HELD PROPER.—In an· action by an assignee against the maker of a note given to pay for goods sold in pursuance of a written contract, which provided that there was no other agreement, verbal or otherwise, between the parties, parol evidence was inadmissible to show a verbal agreement to allow defendant a discount or commission and evidence of a custom of the trade with reference to the payment of commissions also was inadmissible to support the allegations of the counterclaim.

3. BILLS AND NOTES—REFUSAL OF NON-SUIT FOR FAILURE OF PROOF OF OWNERSHIP HELD PROPER, WHERE NOTE WAS SHOWN TO BE IN PLAINTIFF'S POSSESSION, INDORSED TO PLAINTIFF.—In an action by the indorsee of a note payable to the T. Fertilizer Company, where defendant's answer alleged that T. Fertilizer Company was owned by the plaintiff, the A. Fertilizer Works, and the note, introduced in evidence without objection, was indorsed, "Pay to the order of A. Fertilizer Works, T. Fertilizer Company," by its cashier, *held*, that the possession of the note by plaintiff, so indorsed, was such *prima facie* evidence of ownership as warranted the refusal of defendant's motion for nonsuit.

4. APPEAL AND ERROR—PERMITTING CASE TO BE REOPENED AND OWNERSHIP OF NOTE TO BE PROVEN HELD NOT AN ABUSE OF DISCRETION.— In an action by an assignee of a note against the maker, where evidence already adduced of the ownership of the note was sufficient to preclude a nonsuit, reopening the case and permitting plaintiff to prove ownership of the note was not prejudicial to defendant.

Before RICE, J., Darlington, November, 1920.   Affirmed.

Action by Armour Fertilizer Works against A. Hyman. From a directed verdict for plaintiff, the defendant appeals.

*Mr. Geo. H. Edwards,* for appellant, cites: *Parol evidence admissible to establish contemporaneous agreement independent of contract:* 61 S. C. 166; 3 S. C. 332; 6 Mass. 434; 4 Strob. 98; *Or to impeach consideration and delivery:* 56 S. C. 480; 16 S. C. 352; 26 S. C. 312; 26 S. C. 310; 31 S. C. 313; 72 S. C. 362; 72 S. C. 410; 65 S. C. 134; 79 S. C. 459; 89 S. C. 73; 90 S. C. 454; *Proof of usage:* Jones Evid., Par. 457.

*Mr. Jas. R. Coggeshall,* for respondent, cites: *Oral demurrer:* Code Proc. 1912, Sec. 198; 24 S. C. 81; *Parol evidence of contemporaneous, independent agreement only admissible where it does not vary or contradict the writing:* 61 S. C. 166: 65 S. C. 138; 72 S. C. 364; 79 S. C. 499; 108 S. C. 48; *Where terms are clear, evidence of usage varying them is inadmissible;* 17 C. J. 508; 44 S. C. 242; 46 S. C. 220; 77 S. C. 92; 87 S. C. 67; 12 Cyc. 1097; 5 Grat. 24; 48 W. Va. 71; 23 Ind. 399; 12 Cal. 634; 63 Ala. 356; 2 L. R. A. 711; *Possession of note prima facie evidence of ownership:* 102 S. C. 196.

July 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action for balance of $2,964.53, and interest and attorney's fees, alleged to be due the plaintiff by the defendant on a promissory note given by the defendant to Tuscarora Fertilizer Company on account of the purchase of fertilizers in the year 1917, and subsequently transferred and assigned to the plaintiff for value. The defendant by his answer admitted the execution of the note and the unpaid balance thereof, and set up a counterclaim thereto for the

sum of $1,595.77, due to him on account of discount, or
commissions, on said fertilizers, by virtue of an alleged
agreement made with the said Tuscarora Fertilizer Com-
pany, and averred his readiness and willingness to pay any
balance due on said note after being allowed credit for such
discounts and commissions. He later made his formal
offer, as provided by law, to allow judgment to be taken
against him for the balance $1,368.76, with interest and
costs. The plaintiff by its reply denied all the allegations
of the defendant's counterclaim. The Circuit Judge, HON.
H. F. RICE, directed a verdict for the plaintiff for the full
amount claimed. From judgment on verdict, defendant
appeals.

The exceptions raise one question, the determination of
which, we think, is practically decisive of the appeal: Was
the trial Judge in error in refusing to permit defendant to
establish the counterclaim set up in his answer by parol
testimony?

It is stated in the record that the issues "made by the
pleadings were the ownership of the note and the de-
fendant's counterclaim." Appellant's counsel in his printed
argument states that "the defendant in his answer ad-
mitted the note and also the contract." It is therefore not
disputed that the note sued upon was, as alleged in the
complaint, one of a series of notes given by the defendant,
A. Hyman, pursuant to the provisions of a written contract
entered into December 19, 1916, with the Tuscarora Ferti-
lizer Company, fixing the price, grade of fertilizer, and the
time at which promissory notes were to be given by Hyman
for all goods taken by him under the contract and not paid
for before the execution of the notes. By the terms of
the contract it was expressly provided that the Tuscarora
Fertilizer Company was to pay Hyman "as a commission
and as full compensation for all services, and for storage,
cartage, collecting, insuring, and for (his) guaranty of

payment on time sales and for all other expenses," a sum equal to the amount received "from the sale of said goods in excess of the prices named in this contract." Other stipulations made by the fertilizer company in the written contract were (section 20) that "no agreement not expressed in this contract shall be binding upon us, and it is hereby certified by you that there is no agreement, verbal or otherwise, other than herein specified," and (section 21) that "all settlement prices, given by us to you hereunder, and terms and conditions set forth herein, shall be absolutely final unless mutually changed by supplementary agreement in writing, agreed to by you, and executed by one of our division managers." Among the stipulations to which the defendant Hyman agreed is the following:

"In consideration of the commission which I am to receive as named and set out in said contract, I agree to all the terms, obligations, and conditions therein set forth."

In the body of the note was the following clause:

"For value received, in accordance with a contract between the payee and maker of this note on consignment of fertilizer."

The counterclaim alleged, in substance, that there was an independent verbal agreement between the Tuscarora Fertilizer Company and the defendant, Hyman, entered into prior to or at the time of the execution of the written contract referred to in the complaint, whereby the fertilizer company agreed to allow said defendant a certain discount or commission per ton on all fertilizers shipped to the defendant, and that it was by reason of said agreement to allow a discount or commission upon the prices named in the contract, and upon no other consideration whatsoever, that he accepted and entered into the said written contract.

Appellant contends that the admission of the parol testimony offered to support defendant's counterclaim in the case at bar would not have infringed

the general rule; that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument, in that the testimony "was offered, not for the purpose of impairing, altering, or in any way otherwise interfering with the written contract upon which the plaintiff based its claim, but solely for the purpose of showing that, by reason of the breach by the plaintiff of another distinct and independent agreement, the plaintiff had become liable to pay the defendant the damages alleged in the answer." *Chemical Co. v. Moore,* 61 S. C. 166, 39 S. E. 346. That the purport of the verbal agreement upon which the counterclaim was based, whereby the fertilizer company was alleged to have agreed to allow the defendant a certain discount or commission per ton upon the fertilizer consigned under the written contract was directly to vary, contradict, and impair the terms of the written contract, fixing the price of fertilizers, prescribing the commission of defendant, certifying that there was no other agreement, verbal or otherwise, and stipulating that the settlement prices given thereunder should be final unless changed by supplemental agreement in writing, would seem too clear to admit the discussion. *Lewis v. Wilson,* 108 S. C. 48, 93 S. E. 242; *Arthur v. Brown,* 91 S. C. 316, 74 S. E. 652; *Cline v. Farmers' Oil Mill,* 83 S. C. 204, 65 S. E. 272; *Asbill Motor Co. v. Chaplin* (S. C.) 112 S. E. 921, decided at this term. The note sued upon was an outgrowth of the written contract, and by its express terms was referable to the contract. The exceptions (1, 2, and 7) assigning error in the exclusion of the parol testimony offered to establish the counterclaim are overruled.

If the testimony directed to the proof of the alleged counterclaim was properly excluded, it follows that the testimony offered by defendant as to the usages of the fertilizer trade, with particular reference to the payment of commissions and discounts on fertilizers sold

(exceptions 3 and 4), was inadmissible. The only possible relevancy of such testimony would have been to support the allegations of the counterclaim. If the counterclaim could not be established by the direct testimony of Hyman as to the alleged verbal agreement, it is quite clear that it could not be supported by testimony of corroborative import as to the usages of the trade. See, generally, *Fairly v. Wappoo Mills,* 44 S. C. 242, 22 S. E. 108, 29 L. R. A. 215; *Coates v. Early,* 46 S. C. 220, 24 S. E. 305; *Kentucky Wagon Mfg. Co. v. People's Supply Co.,* 77 S. C. 92, 57 S. E. 676, 122 Am. St. Rep. 540; *Forbes v. Pearson,* 87 S. C. 67, 68 S. E. 964; *Bailey v. Savannah Guano Co.,* 106 S. C. 50, 90 S. E. 317.

The only other point fairly arising upon the record (exceptions 5, 6, and 7) is the contention of appellant that the trial Judge erred in refusing defendant's motion for nonsuit on the ground that there was no proof that the plaintiff was the owner of the note sued on, and in reopening the case to allow plaintiff to prove ownership of the note over defendant's objection. The note sued on was payable to the order of the Tuscarora Fertilizer Company. The defendant in his answer alleged that the Tuscarora Fertilizer Company was owned by the plaintiff, the Armour Fertilizer Works. The note introduced in evidence by plaintiff without objection was indorsed:

"Pay to the order of Armour Fertilizer Works. Tuscarora Fertilizer Co., W. W. Beecher, Cashier."

The possession of the note by plaintiff, so indorsed, was such *prima facie* evidence of ownership as warranted the refusal of the motion for nonsuit. *Barrett v. Still,* 102 S. C. 191, 86 S. E. 204.

The permission granted plaintiff to reopen his case and adduce additional testimony upon the issue of ownership was a matter entirely within the discre-

tion of the trial Judge. Since the evidence already adduced upon that issue was sufficient to preclude a nonsuit, there can be no foundation for a suggestion that the Judge's discretion was exercised to the prejudice of defendant.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.