## 11354

### HAMILTON BROWN SHOE Co. v. STANLEY

#### (120 S. E., 234)

EVIDENCE—ORAL EVIDENCE ADMISSIBLE TO SHOW CONTRACT REDUCED TO WRITING BUT NOT SIGNED.—Where plaintiff's salesman reduced defendant's order to writing, but defendant did not sign it, and defendant was supplied with a copy, and the original was mailed plaintiff, oral testimony was admissible to show an agreement to make allowances for any reduction in prices.

Before GARY, J., HAMPTON, 1923.    Affirmed.

Action by Hamilton Brown Shoe Co., against M. V. Stanley.    From a verdict for defendant on the complaint and for the plaintiff on the counterclaim, the plaintiff appeals.

*Mr. J. A. Mace* for appellant,

*Mr. W. D. Connor* for respondent.

December 4, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This is an action brought in the Court of common pleas by the plaintiff against the defendant on an open account, alleging a balance due of $400.    The defendant answered first by denying the material allegations of the complaint, and thereafter set up a counterclaim against the plaintiff in the sum of $128.32.    The counterclaim was based upon an alleged agreement between the plaintiff, through its

agents, servants and employees, with the defendant, that the defendant was to have a discount on the bill of shoes in accordance with any market decline in the price of shoes; and alleged further that about the time of the shipment of the shoes to the defendant the prices of shoes declined about 30 or 40 per cent., and notwithstanding the decline and the agreement the plaintiff billed the shoes to the defendant at the old price and did not give the defendant the benefit of the decline in prices; that the defendant paid to the plaintiff from time to time the sum of $920.80, which overpaid the plaintiff the sum of $128.32."

The cause was tried before Judge Gary and a jury. The jury found for the defendant on the plaintiff's cause of action and for plaintiff on the counterclaim interposed by the defendant. After entry of judgment, plaintiffs appealed, and by eight exceptions impute error on the part of his Honor.

These exceptions may be divided under two heads: First, error in admitting testimony on the part of defendant which contradicted an alleged written contract. Second, error in allowing testimony as to an agreed reduction on account of declining prices upon the ground of estoppel.

The first group of exceptions is overruled; the defendant did not sign the order that the salesman of the plaintiff sent in to the plaintiff for the goods. The testimony of the salesman is:

"The orders were reduced to writing by me, and it was handed to Mr. Stanley in person or mailed to him in course of a few days. The original was mailed to the house."

His Honor committed no error in allowing oral testimony to show the whole contract between the parties. This is quite a different state of facts from the case of *Asbill Motor Co. v. Chaplin* (S. C.), 112 S. E., 921. In that case there was a written contract.

The second group of exceptions is overruled; there was evidence that part of the contract between the parties was

that the defendant was to be protected against declines in the market as shown by evidence of Stanley and the witnesses Crews and Diehl, the salesman of plaintiff. The latter witness says:

"Hamilton Brown Shoe Company did make allowances on account of reduction in prices, at or about this time, to customers to whom I sold shoes."

The evidence does not show that the defendant was estopped by her acts in claiming the reduction. There is ample evidence to support the finding of the jury.

All exceptions are overruled, and judgment affirmed.