### 14169

FORD v. BALL

(128 S. E., 319)

*Mr. C. B. Ruffin,* for appellant,

*Mr. Henry C. Jennings,* for respondent,

November 11, 1935.

The opinion of the Court was delivered by Mr. Justice Fishburne.

This is an appeal from an order of his Honor, Judge Shipp, overruling a demurrer to the complaint, made on the ground that the complaint does not state facts sufficient to

constitute a cause of action. The action was brought for the recovery of damages growing out of the alleged breach of a contract affecting the purchase and reconveyance of a tract of land in Lee County, accomplished and accompanied by fraudulent acts.

A careful examination of the allegations of the complaint leads us to the conclusion that it is legally sufficient in its averments. The complaint, which will be reported, contains allegations appropriate to an action for breach of contract accompanied by fraud. The exceptions, imputing error to the trial Judge, direct our attention in the main to Paragraph 3 of the complaint, and stresses the failure of the respondent to demand from the appellant at Bishopville the written statement embodying the alleged agreement for the reconveyance of the tract of land in question, and failure of the respondent to tender to the appellant the amount agreed upon.

Under the agreement alleged in this case, it was the duty of the appellant to deliver the written agreement, whether or not it was called for by the respondent. The demurrer admits the truth of every well-pleaded allegation contained in the complaint. The appellant, therefore, admits that he agreed to reconvey the tract of land upon the terms set forth in the complaint, and that upon receiving a deed for the property from the respondent, he would deliver to her a written statement, binding himself to reconvey. He admits, as alleged in the complaint, that she fully performed her part of the agreement, and that he seized all of the crop made on the property during the year 1930, valued in excess of the sum of $200.00, which, under the agreement, was more than sufficient to pay the first installment on the repurchase agreement. He admits that he violated the terms of the agreement for the purpose and with design of cheating and defrauding her out of the benefits resulting to her under the contract; that he carried the deed to her for execution, without intending to comply with his agreement; and that

he had no intention of delivering the written statement of agreement at the time he promised he would do so, but made the promise with intent to violate it, and for the purpose of inducing the plaintiff to execute and deliver the deed to him. He admits that with the purpose and intent of defrauding the plaintiff and depriving her of her beneficial rights under the contract, he sold and conveyed away one acre of the land which he was under contract with the plaintiff to reconvey to her, knowing that by making such conveyance it would be impossible for him to comply with the terms of his contract. He further admits that he dispossessed the plaintiff, and has himself gone into possession of the lands in question, and that his breach of the alleged contract was accomplished by the fraudulent acts alleged against him in the complaint.

*Welborn v. Dixon,* 70 S. C., 108, 49 S. E., 232, 3 Ann. Cas., 407, is in point. In that case the plaintiff conveyed to Dixon a tract of land as security for a debt, with the agreement that upon payment of the debt the defendant would reconvey the land to the plaintiff. Thereafter the defendant conveyed the said land to a third person, and thereby made it impossible for him to comply with the terms of the agreement, and it was held that the conveyance of the land under these circumstances constituted an act of fraud which accompanied the breach of the contract. In this case, as the defendant did in the case of *Welborn v. Dixon, supra,* the appellant conveyed a part of the land to a third person, thus putting it out of his power to comply with his contract, and this conveyance of a part of said land is one of the fraudulents acts alleged in the complaint, which, if true, would constitute a breach of the contract accompanied by a fraudulent act.

In the case of *Palmetto Bank & Trust Company v. Grimsley et al.,* 134 S. C., 493, 133 S. E., 437, 439, 51 A. L. R., 42, it was held that:

" 'When a promise is made with no intention of performance and for the very purpose of accomplishing a fraud, it

is a most apt and effectual means to that end, and the victim has a remedy by action or defense.' *Goodwin v. Horne*, 60 N. H., 485.

" 'A promise is usually without the domain of the law, unless it creates a contract, but if made when there is no intention of performance, and for the purpose of inducing action by another, it is fraudulent, and may be made the ground of relief.' *Herndon v. Durham & S. R. C.*, 161 N. C., 650, 77 S. E., 683."

The demurrer admits the truth of the facts alleged in the complaint, and the complaint specifically alleges that the plaintiff has fully performed on her part the obligations of the alleged agreement. This being admitted, the plaintiff has stated a cause of action. *Bailey v. Savannah Guano Company*, 101 S. C., 445, 86 S. E., 7.

Having reached the conclusion that the complaint states facts sufficient to constitute a cause of action based on the fraudulent breach of a contract, it follows that the judgment of the Circuit Court should be affirmed.

All exceptions have been considered, and are overruled. It is the judgment of this Court that the judgment of the Circuit Court herein be, and the same hereby is, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.