1195

WATKINS MOTOR LINES, INC., Appellant v. SPAN-AMERICA MEDICAL SYSTEMS, INC., Respondent.

(371 S. E. (2d) 2)

Court of Appeals

*Craig H. Allen* of *Williams & Henry*, Greenville, *for appellant.*

*James M. Shoemaker, Jr.,* and *Larry J. Stroud* of *Wyche, Burgess, Freeman & Parham, P.A.,* Greenville, *for respondent.*

Heard April 18, 1988.

Decided July 11, 1988.

*Per Curiam:*

Watkins Motor Lines, Inc., (Watkins) sued Span-America Medical Systems (Span-America) for the alleged balance due for freight services. The trial judge, sitting without a jury, heard the case on the merits and held for Span-America. We affirm.

The facts are not in dispute. Briefly stated, they are as follows: Span-America, at the request of a customer, hired Watkins to ship two consignments of medical foam products from Greenville, South Carolina to California. Using a freight classification drafted by the American Trucking Association and adopted by Watkins, Span-America classified both shipments as Class 70 on its bills of lading. Watkins billed Span-America for both shipments basing the charges

on the Class 70 designations; Span-America paid these bills. Some weeks after sending the original bills, however, Watkins sent revised bills to Span-America charging $5,666.74 more than the original bills based upon a determination that a classification with a higher shipping charge applied. When Span-America refused to pay, Watkins sued to collect.

Watkins claims the Class 70 designation on which the original bills were based was incorrect and under the Interstate Commerce Act the tariff it filed with the Interstate Commerce Commission required it to charge more than was originally billed because of the revised classification. The trial judge held Span-America had classified its freight in good faith using a classification accepted by other common carriers it had used, and Watkins, in accepting the goods for shipment and billing Span-America on that basis, had entered into a binding contract barring it from seeking additional charges.

This court may affirm a trial judge's decision on any ground appearing in the record and, hence, may affirm a trial judge's correct result even though he may have erred on some other ground. *Potomac Leasing Co. v. Otts Market, Inc.*, 292 S. C. 603, 358 S. E. (2d) 154 (Ct. App. 1987).

Span-America does not dispute Watkins' interpretation of the Interstate Commerce Act, but rather, asserts among other things, that its classification of the freight was correct. We accept this argument for the reasons explained below and on this basis affirm the appealed order.

The National Motor Freight Classification, under which Watkins operates, was admitted into evidence without objection presumably to show the classification scheme upon which the published tariff rates, which were not in evidence, were based. Both shipments consisted of medical foam products, apparently a type of sponge material. According to Span-America's witness, these sponge products were machine pressed in moisture-proof containers and then placed in boxes. Using the National Motor Freight Classification, Span-America designated the freight as Class 70, which is the class assigned to the following types of freight:

Sponges, cellulose or plastic, other than impregnated with soap, cleaning compound or disinfectant:
Dry:

\* \* \* \* \* \*

In machine pressed bales; or *machine pressed in moisture-proof inner containers*, in boxes. [Emphasis ours.]

Watkins argues that the Class 70 designation was wrong because of an exception in the National Motor Freight Classification providing that such a classification applies only when the density of the freight is twenty pounds or greater per cubic foot. The exception appears as follows:

(b) Except as otherwise provided ..., the rates or classes provided for "machine pressed" or "machine compressed" bales, or "machine pressed in boxes" apply only when the density is 20 pounds or more per cubic foot.

Span-America concedes the density of the freight was at most three pounds per cubic foot, but argues the exception on which Watkins relies does not apply. We agree. Nowhere does the quoted language mention that it applies to freight that is "machine pressed in moisture-proof inner containers," as was the freight in this case. Testimony from Span-America's witness suggests the use of moisture-proof inner containers is significant in enabling the freight to retain its shape during transportation. The fact that Watkins based its determination of the freight classification in part on the volume of the shipment (one of the variables of the density) likewise suggests the importance of shape retention vis-a-vis shipping costs. At best, the National Motor Freight Classification is ambiguous as to whether the freight in this case should have been billed as Class 70 or at a higher rate.

Under both the Interstate Commerce Act and general contract principles, such ambiguity should be construed against Watkins as both the carrier and the party responsible for using National Motor Freight Classification Scheme. *See Illinois Central Gulf Railroad Co. v. Tabor Grain Co.*, 488 F. Supp. 110 (N.D. Ill. 1980) (ambigu-

ities in a tariff are construed against the carrier); *Williams v. Teran, Inc.*, 266 S. C. 55, 221 S. E. (2d) 526 (1976) (where contract is susceptible of more than one interpretation, doubts shall be resolved against the party whose business it was to speak without ambiguity).

Furthermore, because of this ambiguity, we hold the trial judge properly admitted over Watkins' objection testimony from Span-America about its use of the Class 70 designation in dealing with other carriers. *See Forbes & Co. v. Pearson*, 87 S. C. 67, 69, 68 S. E. 964, 965 (1910) ("Where doubt arises as to the meaning of the words used in a contract, . . . parol evidence may be admitted of the signification the words have according to the usage of those accustomed to make contracts of this kind. . . .").

For the above reasons, we hold Watkins' reliance on the above-quoted limitation is misplaced and the Class 70 designation and corresponding rates were correctly applied to the shipments, and in so holding, we affirm the appealed order.

Affirmed.