## 1213

Leroy L. ISAAC, Respondent-Appellant v. GENE'S USED CARS, James B. Germany and John Bouchillon, Defendants, of whom James B. Germany is Appellant-Respondent.

(372 S. E. (2d) 102)

Court of Appeals

*Michael R. Daniel,* of *Daniel & Daniel,* Columbia, *for appellant-respondent.*

*Walter Bedingfield* and *Agnes Dale Moore,* of *Bedingfield Law Offices,* Barnwell, *for respondent-appellant.*

Heard March 16, 1988.

Decided Aug. 29, 1988.

BELL, Judge:

This is an action in tort for injury to personal property. Leroy L. Isaac, the alleged owner of an automobile which had been repossessed by Gene's Used Cars under a security agreement, brought suit on three causes of action: (1) common law conversion against Gene's and its servant, James B. Germany; (2) statutory conversion against Gene's;[1] and (3) negligence against Gene's, Germany, and John Bouchillon. Germany failed to answer and default was entered against him.[2] The matter was referred, without finality, to a special referee for a determination of damages. The referee recommended that judgment be entered for Isaac in the amount of $4,726.25 actual damages and $12,500.00 punitive damages. Germany excepted to the master's report, and a hearing was held before the circuit court. The circuit judge reduced the

---

[1] The Consumer Protection Code makes a secured creditor who repossesses collateral in violation of statutory requirements liable for conversion. *See* Section 37-5-111(7), Code of Laws of South Carolina, 1976, as amended.

[2] Gene's Used Cars and Bouchillon answered the complaint, and a separate trial was scheduled. They are not parties to this appeal.

actual and punitive damages to $2,500.00 and $6,250.00 respectively. Both parties appeal. We affirm on grounds different from those stated in the order of the trial judge. *See Watkins Motor Lines, Inc. v. Span-America Medical Systems, Inc.,* 296 S. C. 175, 371 S. E. (2d) 2 (Ct. App. 1988) (Court of Appeals may affirm on any ground found in the record).

In May, 1984, Isaac purchased a 1978 Cadillac Eldorado from Gene's Used Cars. Isaac financed the purchase price by giving Gene's a note, secured by a purchase money security interest in the Cadillac. Isaac defaulted on the note.

On July 17, 1986, Germany, acting within the scope of his employment for Gene's, repossessed the Cadillac. As a result of Germany's negligence while towing the car, it was damaged in a collision with Bouchillon.

At the time of the accident, the debt exceeded the value of the car. Nevertheless, after the reference, but before the hearing in the circuit court, Isaac exercised his right to redeem the car.[3] The note is now paid and Isaac has title free of the security interest.

Only the negligence cause of action is before us on appeal.

I.

Germany argues that since the debt to Gene's exceeded the value of the car, Isaac's equity of redemption had no value and, consequently, he suffered no damage as a result of casualty to the car.

If collateral is negligently damaged while in the possession of the secured party who has obtained possession after default, the debtor may bring an action for impairment of his equity of redemption. *Cf. Leach v. Kimball,* 34 N. H. 568 (1857) (a mortgagor of chattel may bring an action on the case against the mortgagee if he destroys or impairs the mortgagor's right to redeem by wrongfully damaging the collateral). The measure of damage is the amount which returns the plaintiff to the position which he enjoyed prior to the negligent act. *See Carolina Winds*

___

[3] A debtor has the right to redeem the collateral by tendering the full amount of the obligation secured by the collateral at any time prior to its disposition. Section 36-9-506, Code of Laws of South Carolina, 1976.

*Owners' Association, Inc. v. Joe Harden Builder, Inc.*, Opinion No. 1192 (S. C. Ct. App. filed July 11, 1988).

The circuit court found the Cadillac was worth $2,500.00 before the accident, but was a total loss after the collision.[4] If the Cadillac had not been damaged, Isaac would have received a car valued at $2,500.00 when he exercised his right of redemption. Instead, he received a car with no market value. It follows, as the circuit court held, that he was damaged in the amount of $2,500.00 and is entitled to recover that sum.[5] We affirm.

## II.

Isaac asserts that the trial judge erred in overturning the referee's award of damages for the lost use of the car.

The right to use property is an incident of the right to possess it. *See Smith v. Simpson*, 260 N. C. 601, 133 S. E. (2d) 474 (1963). Recovery for loss of use is grounded on the principle that when one has been deprived of possession of the property, he has lost a valuable right in the property, i.e., the right to use it. *J. A. Tobin Construction Co. v. Holtzman*, 207 Kan. 525, 485 P. (2d) 1276 (1971). But, if one has no right to possession of property, he has no right to use it and, thus, may not recover damages for lost use.

Because Isaac was in default on the note, Gene's, not Isaac had the right to possession of the Cadillac. *See Chrysler Credit Corp. v. State Farm Mutual Automobile Ins. Co.*, 263 S. C. 70, 207 S. E. (2d) 806 (1974). Isaac's right of redemption was not a possessory interest. *Cf.* Section 36-9-506, Official Comment; *Leach v. Kimball, supra* (a debtor in default has no legal property interest in the collateral, only a right to redeem). Accordingly, we affirm the circuit court's holding

---

[4] The only evidence before us as to the amount of damage is the testimony of Phil Thompson, the owner of a body repair shop. He testified that it would cost $2,071.25 to repair the Cadillac. Based on this evidence the referee found that the damage inflicted on the Cadillac was $2,071.25. For reasons not clear from the record, the circuit court found the Cadillac was a total loss. Since neither party excepted to this finding, it binds them on appeal. *Borg Warner Acceptance Corp. v. Sweatman*, _____ S. C. _____, 372 S. E. (2d) 99, (S. C. Ct. App. 1988).

[5] It is immaterial that the amount of the debt exceeded the value of the Cadillac. Isaac's right to redeem the Cadillac was not contingent on the value of the collateral exceeding the debt. *See* Section 36-9-506.

that Isaac is not entitled to recover damages for lost use of the Cadillac.

### III.

Germany contends that the punitive damage award was excessive in view of the actual damages sustained. Isaac, in contrast, argues that the trial judge erred in reducing the amount of punitive damages awarded by the referee.

When determining to award punitive damages, the factors to be considered are the character of the tort committed, the punishment which should be meted out therefor, and the ability of the defendant to pay the damages awarded. *Patterson v. Bogan*, 261 S. C. 87, 198 S. E. (2d) 586 (1973). The amount of punitive damages awarded is peculiarly within the judgment and discretion of the trier of fact. *See Thompson v. Home Security Life Ins.*, 271 S. C. 54, 244 S. E. (2d) 533 (1978). There is no mathematical rule for determining the ratio that punitive damages should bear to actual damages. *Id.* An award of punitive damages will be set aside as excessive only if it is so excessive as to manifest passion, prejudice, caprice, or corruption. *Elders v. Parker*, 286 S. C. 228, 332 S. E. (2d) 563 (Ct. App. 1985).

Given the evidence of recklessness in this case, the amount of damages awarded was well within the scope of discretion of the circuit court. We find no abuse of discretion.

For the reasons stated, the judgment is

Affirmed.

SANDERS, C. J., and GARDNER, J. concur.