### 21744

Lucille B. ANDERSON, Appellant, v. SOUTH CAROLINA RETIREMENT SYSTEM and its Director, Purvis W. Collins, Respondent.

*George H. Thomason,* of *Thomason & French,* Spartanburg, *for appellant.*

*Asst. Atty. Gen. Kenneth P. Woodington*, Columbia, *for respondent.*

June 29, 1982.

LEWIS, Chief Justice:

Appellant, a school teacher, who had made contributions to the respondent, South Carolina Retirement System, for many years and was covered by its provisions for disability retirement benefits when eligible, was found in 1979 to have become disabled in June 1975. She was awarded retirement benefits prospectively from January 23, 1979, but was denied benefits retroactively to the date when actual disability, admittedly, began in 1975. This appeal involves her entitlement to benefits retroactively to the beginning date of disability. The facts are not in dispute.

Appellant filed with respondent in June 1975 an application for retirement on the ground of disability, under the statutes governing the South Carolina Retirement System, particularly Section 9-1-1540, South Carolina Code of Laws, 1976, as amended, relating to disability retirement, which states:

> Upon application of a member in service or of his employer, any member in service on or after July 1, 1970, who has had five or more years of creditable service may be retired by the Board not less than thirty days and not more than six months next following the date of filing such application on a disability retirement allowance if the Medical Board, after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of duty, that such incapacity is likely to be permanent and that such member should be retired.

Appellant stopped work in 1975 and has not worked since that time. The application for disability retirement, filed by appellant in 1975, was denied by respondent on the ground that the evidence presented was insufficient to show disability. Appellant did not challenge this 1975 denial of disability retirement, but waited until 1979, over three years later, and filed a second application based upon an additional

medical certificate. Respondent approved this second application and granted disability retirement to appellant on January 23, 1979, with a finding that she was disabled when she stopped work in 1975. Disability payments were allowed beginning January 23, 1979, but respondent refused to make the payments retroactive to 1975 the date respondent found appellant's disability began. This action was then instituted to recover disability payments retroactively to 1975.

The question to be decided is whether appellant, who was found in 1979 to have been continuously disabled since she quit work in 1975, is entitled to have her disability benefit begin when she, admittedly, became disabled; or whether, as contended by respondent and affirmed by the lower court, she is only entitled to receive benefits from January 1979 when respondent made its determination.

Appellant contends that the determination by respondent that appellant's disability began in 1975 established her right to benefits as of that date; while respondent argues that the failure of appellant to sooner receive disability benefits was due solely to her own neglect in furnishing proof of disability and she should therefore bear the burden of such failure, especially, where, as here, there is no specific statutory provision authorizing such retroactive payment.

The eligibility requirements under Code Section 9-1-1540, supra, are that the applicant must be a "member in service" with five or more years of creditable service in the eligible position and have a permanent mental or physical incapacity for further performance of duty. This section further requires that the application for disability retirement be made while the member is "in service."

The question of whether appellant was "in service" at the time of her application is not here involved. Her first application was made in June 1975 while she was still employed. The second application, from which this appeal arises, was made about three years after she ceased work; but she was disabled at the time she terminated her service and, in fact, terminated her employment because of her disability. Whether the statute is to be construed as limiting the time for making application to the period when the applicant was actually employed or whether the language "in service" is intended to only require that the employee must be employed or "in service"

when the disability occurs is not before us, for respondent concedes that, under the present facts, appellant's application was timely filed. See: *Silson v. New York State Employees' Retirement System*, 208 Misc. 59, 144 N. Y. S. (2d) 476.

No contention is made that the second application in 1979 was in any way a revival or continuation of the first application in 1975. Therefore, since the first application was refused and no challenge made to its denial, we consider the present (second) application as a new or separate request for disability benefits. In this posture, we must consider the appellant's right to receive disability payments from June 1975 (when disability began) as if no prior application had been made.

The parties agree that the disability retirement statute (Code Section 9-1-1540, quoted above) is silent on the question of retroactive payments.

The right to retirement benefits is purely statutory and, in the absence of a provision in the statute directing otherwise, the right to benefits does not arise until an application is made and proof is submitted as the statute requires. See *Cox v. Dunn*, 243 Ala. 176, 9 So. (2d) 1; 70 C. J. S., Pensions, Section 8.

The first application filed by appellant in 1975 did not establish her right to retirement benefits because she failed to submit proof of her disability. Her failure to challenge that determination by respondent made it necessary for her to file a new application, which she did not do until three years later. Respondent and the lower court properly held that appellant's right to benefits did not arise until her successful application in 1979.

The determination in 1979 that appellant's disability began in 1975 did not entitle her to receive benefits from that date, but only established her eligibility to apply, since her disability arose while "in service" and continued to the 1979 application.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.