1684

Joe O. MATTHEWS, Appellant-Respondent v. CITY OF GREENWOOD, Respondent-Appellant.

(407 S.E. (2d) 668)

Court of Appeals

*Lourie A. Salley, III*, Lexington, *for appellant-respondent.*

*Thomas A. Bright*, Greenville, and *William K. Charles, III*, Greenwood, *for respondent-appellant.*

Heard March 19, 1991; Decided Aug. 5, 1991.

Rehearing Denied Aug. 26, 1991.

BELL, Judge:

Joe O. Matthews sued his former employer, the City of Greenwood, for failure to pay past due compensation. He alleged the City breached both his contract of employment and statutes relating to the payment of wages. The circuit court

granted the City's motion for summary judgment on all claims except one relating to failure to make military leave payments in 1982, 1983, 1984 and 1986. On that issue the court directed a verdict at trial in favor of Matthews and entered judgment for $2,096.32. Matthews appeals the granting of partial summary judgment to the City. The City appeals the denial of its motion for summary judgment as to the military leave payments. We affirm the partial summary judgment for the City and dismiss the City's cross appeal.

## I.

The circuit court held that Matthew's claims for military leave payments in 1980 and 1981 were barred by the Statute of Limitations. The right to military leave payments arises under S.C. Code Ann. Section 8-7-90 (1986). At the time this suit was filed, an action upon a liability created by statute had to be commenced within six years after the cause of action accrued. *See* S.C. Code Ann. § 15-3-530(2) (1976 & Supp. 1990). The fundamental test for determining whether a cause of action has accrued is whether the party asserting the claim can maintain an action to enforce it. A cause of action accrues at the moment when the plaintiff has a legal right to sue on it. *Brown v. Finger*, 240 S.C. 102, 124 S.E. (2d) 781 (1962).[1] On January 22, 1988, Matthews commenced this action asserting claims upon which he had a right to sue be-

---

[1] In *Santee Portland Cement v. Daniel International Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989), our Supreme Court overruled *Livingston v. Sims*, 197 S.C. 458, 15 S.E. (2d) 770 (1941), which stated that a cause of action for breach of contract accrued at the time of the breach, even though resulting damages may not have been sustained until sometime afterward. The Court in *Santee* instead held that in contract actions governed by Code Section 15-3-530(1), the period limitation begins to run at the time the nonbreaching party knew or should have known of the breach. This rule is commonly known as the "discovery rule."

*Santee* did not adopt the "discovery rule" for all causes of action. It made the "discovery rule" applicable to breach of contract actions governed by the particular statute in that case. Thus, in this case, and in all others in which the "discovery rule" or another exception has not been established, the general rule that a cause of action accrues at the time the plaintiff acquires a legal right to sue continues to apply.

We note that even if the "discovery rule" were applicable to Matthew's cause of action for military leave payments, he could not recover under the facts of this case, because he knew or should have known the City did not pay him for military leave in 1980 and 1981.

ginning in 1980 and 1981. This was well beyond the six year limitation period. Thus, these claims were statutorily barred.

## II.

Matthews also made claims for military leave payments for the years 1982, 1983, 1984, and 1986. The City moved for summary judgment on these claims, but its motion was denied. At trial, the circuit judge directed a verdict for Matthews on these claims. The City now appeals from the denial of its motion for summary judgment as to 1984 and 1986.

The denial of a motion for summary judgment is not appealable, even after trial. *Holloman v. McAllister*, 289 S.C. 183, 345 S.E. (2d) 728 (1986); *Harris v. Campbell*, 293 S.C. 85, 358 S.E. (2d) 719 (Ct. App. 1987). We, therefore, dismiss the City's appeal.

## III.

Matthews also claimed the City owed him for seven days' unpaid compensation in 1986 and 1987, as well as for unpaid annual leave due at the date of his termination. We do not address these issues because they are not properly before us for review.

On the last page of his brief, Matthews mentions the issue of the seven days' unpaid compensation in a single sentence without argument or supporting authority. Thus, he is deemed to have abandoned this issue. *See Williams v. Leventis*, 290 S.C. 386, 350 S.E. (2d) 520 (Ct. App. 1986).

The issue of unpaid annual leave is neither raised by an exception nor argued in the brief. Therefore, this issue is not presented for review. *See Carolina Attractions, Inc. v. Courtney*, 287 S.C. 140, 337 S.E. (2d) 244 (Ct. App. 1985).

## IV.

When the City hired Matthews in 1974, it agreed to provide him a car for personal and official use. In 1980, the City instituted a new policy which prohibited personal use of city vehicles. Matthews was given notice of the new policy, which he protested at the time. He did, however, comply with the new policy and did continue to work for the City until 1987. The circuit judge granted the City summary

judgment on Matthew's claim that the change in policy was a unilateral modification of his compensation not binding on him and in breach of his original contract of employment.

In *Facelli v. Southeast Marketing Co.*, 284 S.C. 449, 327 S.E. (2d) 338 (1985), the Supreme Court held that an employee impliedly consents to changed compensation by continuing to work under the new arrangement and is estopped to seek damages after termination of his employment. *See also, Brookshaw v. South St. Paul Feed, Inc.*, 381 N.W. (2d) 33 (Minn. App. 1986) (when employer chooses to modify existing policies, an employee can signify acceptance by remaining on the job). The circuit judge's ruling was correct as a matter of law.

## V.

Matthews contends the circuit judge erred in refusing to award him statutory treble damages on his various claims. Since he has prevailed solely on his claim for military leave in 1982, 1983, 1984, and 1986, we confine our review to that claim. We affirm the judgment, but for a reason different from that given by the circuit judge. *See Isaac v. Gene's Used Cars*, 296 S.C. 280, 372 S.E. (2d) 102 (Ct. App. 1988).

The statute upon which Matthews relies, S.C. Code Ann. Section 41-10-50 (Supp. 1990), requires an employer who separates an employee from the payroll for any reason to pay the employee all wages due within not more than thirty days after separation. If the employer fails to pay wages due as required by this section, the employee may recover an amount equal to three times the full amount of the unpaid wages. S.C. Code Ann. Section 41-10-80(C) (Supp. 1990). For the purpose of these sections, the term "wages" means

> all amounts at which labor rendered is recompensed . . . and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.

S.C. Code Ann. § 41-10-10(2) (Supp. 1990).

The payments claimed by Matthews are not "wages" within the quoted statutory definition. Matthew's right to paid military leave is an entitlement created by statute, not a contractual right arising by agreement with his employer. Moreover,

it is not an amount at which labor rendered is recompensed. Indeed, it is not recompense for work rendered to the City at all, but a legislatively mandated benefit to encourage public employees to serve in the military. *See Marchant v. Hamilton*, 279 S.C. 497, 309 S.E. (2d) 781 (Ct. App. 1983). Neither is it vacation, holiday, or sick leave. It is leave for periods of military training. *Id.* For these reasons, military leave payments are not subject to the treble damages statute.

## VI.

In view of our disposition above, it is unnecessary to address the remaining issues raised by the parties.

Affirmed in part, dismissed in part.

SANDERS, C.J., and GARDNER, J., concur.

