23835

Daniel L. MCKINNEY, Appellant v. SOUTH CAROLINA
POLICE OFFICERS RETIREMENT SYSTEM, Respondent.

(429 S.E. (2d) 797)

Supreme Court

*Richard Mark Gergel* and *W. Allen Nickles, III,* Columbia, *for appellant.*

*Deputy Atty. Gen. James Patrick Hudson* and *Asst. Atty. Gen. Henry J. White,* Columbia, *for respondent.*

Heard Feb. 2, 1993.

Decided April 5, 1993.

FINNEY, Justice:

Appellant (McKinney) appeals a circuit court order upholding respondent's administrative decision to terminate his retirement benefits. The termination was based on McKinney's failure to establish twenty-five years of creditable service, the minimum necessary for him to receive retirement benefits under S.C. Code Ann. § 9-11-60 (Supp. 1992). We affirm as modified.

McKinney asserted three employers' formal records did not properly reflect the periods of his employment. Under a pro-

cedure established by respondent, McKinney was permitted to attempt to establish his creditable service time through affidavits. Respondent challenged all three periods of employment.

The hearing officer upheld McKinney's claim that he was entitled to credit for service to the City of Camden from January 1971 until February 25, 1974. There is no challenge to this finding. McKinney also claimed credit for service as a bus driver in the Kershaw County school system from July 1, 1965, until August 30, 1970.

The hearing officer found McKinney had been employed as a bus driver during this entire period, but denied him credit for service before his sixteenth birthday. The hearing officer reasoned that such employment was unlawful since McKinney was underage, and held that "mere illegal operation of a school bus does not constitute creditable service within the meaning of [S.C. Code Ann.] §§ 9-11-55 and -70. . . ." We disagree.

The statute permits an individual who *rendered service* to a designated entity to receive retirement credit for that period of service. S.C. Code Ann. § 9-11-55 (Supp. 1992). It is undisputed that McKinney rendered service to the school district. Under the plain language of the statute, he is entitled to receive the credit. *First Baptist Church v. City of Mauldin,* — S.C. —, 417 S.E. (2d) 592 (1992) (words used in a statute should be given their plain meaning). Further, it would be unconscionable to deny a person who performed the same work required of adult individuals employed in that position the benefits associated with that work simply because the employer took advantage of a minor. We reverse the denial of credit for all services rendered to the Kershaw County School District.

McKinney also claimed he rendered service to the Kershaw County Sheriff's Department as an undercover agent for approximately six months after he was fired as a uniformed deputy. While McKinney presented evidence to support his assertion, respondent also presented a witness who denied this claim. The hearing officer in this administrative action believed respondent's witness and denied McKinney this credit. We affirm this factual finding. *Nucor Steel v.*

*South Carolina Public Service Commission,* — S.C. —, 426 S.E. (2d) 319 (1992).

Finally, we address McKinney's claim that certain correspondence from respondent to him constituted a contractual "offer" which he accepted, thereby creating a binding contract between himself and respondent. McKinney misconstrues the nature of his right to retirement benefits: the source of his right is the statutes, not a contract. *See Anderson v. South Carolina Retirement System,* 278 S.C. 161, 293 S.E. (2d) 312 (1982). Neither McKinney nor respondent have the authority to convert this statutory right into a contractual one.

McKinney is entitled to credit for his years of service to the school district and the City of Camden, but not for the period after he was terminated as a sheriff's deputy. Accordingly, the circuit court order upholding the hearing officer's decision is

Affirmed as modified.

HARWELL, C.J., and CHANDLER and MOORE, JJ., concur.

TOAL, J., concurring in part and dissenting in part in separate opinion.

TOAL, Justice, concurring in part and dissenting in part:

I concur in part and dissent in part. While I agree with the majority that McKinney should be credited with his employment as a bus driver, I think the majority does not go far enough.

The elements of estoppel in relation to the party estopped are: (1) conduct which amounts to a false representation or concealment of material facts, or at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at lest expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. *Southern Development Land and Golf Co., Ltd. v. SCPSA,* — S.C. —, 426 S.E. (2d) 748 (1993); *Frady v. Smith,* 247 S.C. 353, 147 S.E. (2d) 412 (1966). For the party claiming estoppel, the essential elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question, (2) reliance upon the con-

duct of the party estopped, and (3) prejudicial change in position. *Id.; Frady v. Smith,* 247 S.C. 353, 147 S.E. (2d) 412 (1966).

Following the instructions of the retirement system employees, McKinney paid $17,000 to "buy into" the retirement system for non-police officer service to the State. He then relied on this buy in and initiation of retirement payments to leave his employment. He received payments for several months and was then audited. He is now unable to return to his employment to complete the requisite service to re-qualify for retirement. This appears to be a paradigm example of detrimental reliance, and the State should be required to continue its performance under the Contract for Retirement benefits.

The elements of estoppel are present and the harm is obvious. I would direct that McKinney continue to receive his retirement benefit absent the State insuring his re-employment. It is wholly inequitable to prevent Mr. McKinney from receiving any retirement benefit and to deny him the opportunity to complete the requisite service.

Accordingly, I would reverse the hearing officer and reinstate Mr. McKinney's retirement benefits.