480 S.E.2d 739

Charles Steven MEDLIN as Conservator for
Roberta Lynn Medlin, Appellant,

v.

SOUTH CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY, Respondent.

No. 24566.

Supreme Court of South Carolina.

Heard April 17, 1996.

Decided Jan. 27, 1997.

Gene Stockholm of Billy R. Oswald & Associates, West Columbia, for appellant.

T. Eugene Allen, III of Nexsen Pruet Jacobs & Pollard, LLP, Columbia, for respondent.

FINNEY, Chief Justice:

Appellant filed a declaratory judgment action against respondent S.C. Farm Bureau to conform several insurance policies to provide underinsured coverage. Respondent answered in defense that the action was barred by the three-year statute of limitations under S.C.Code Ann. § 15-3-530 (Supp.1995) and moved for dismissal. The trial judge granted respondent's motion to dismiss on the basis that the action was barred by the statute of limitations. We affirm.

Roberta Medlin was seriously injured in an automobile accident on September 23, 1991, and is in a permanent coma. Her husband, who was appointed conservator, brought this action alleging respondent failed to make an adequate offer of underinsured coverage. The complaint was filed on May 22, 1995. Under § 15-3-530(1) the period for commencement of

an action upon a contract, obligation, or liability must be filed within three years. Accordingly, the period of limitations expired on September 23, 1994. Appellant contends the limitation period should be tolled for eight months pursuant to S.C.Code Ann. § 62–3–109 (Supp.1995) which provides "[t]he running of any statute of limitations on a cause of action **belonging to a decedent** which had not been barred as of the date of his death is suspended during the eight months following the decedent's death but resumes thereafter unless otherwise tolled." (Emphasis added). Appellant's action would not be barred by the statute of limitations, if this tolling statute applies.

Appellant contends that because the adverse driver in the automobile accident was killed and the conservator is pursuing a separate claim against the driver's estate, the period of limitations should be extended. The trial court disagreed and concluded that since this action against respondent is not a claim by a decedent's estate the tolling statute does not apply. We agree. This is not an action belonging to a decedent. Roberta Medlin is alive although seriously incapacitated. The trial court did not err in dismissing this action based on expiration of the statute of limitations. The order of dismissal is affirmed pursuant to § 15–3–530.

Appellant's claim that physical disability should toll the statute of limitations the same as it would for an insane person [1] was not ruled on by the trial judge. Therefore this issue is procedurally barred. *McGee v. Bruce Hosp. Sys.*, 321 S.C. 340, 468 S.E.2d 633 (1996) (issue must have been raised to the trial judge to be preserved for appellate review).

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

1. Pursuant to S.C.Code Ann. § 15–3–40 (Supp.1995).