527 S.E.2d 765

James L. HARVEY, George N. Martin, III, W.T. Cave, James D. Beam, John H. Carmichael, Jr., and Judy Anderson, Respondents/Appellants,

v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; Parker Evatt, in his official capacity as Commissioner of Corrections, and South Carolina State Budget and Control Board, Appellants/Respondents.

No. 3098.

Court of Appeals of South Carolina.

Heard Oct. 5, 1999.

Decided Jan. 10, 2000.

Rehearing Denied May 13, 2000.

502

Kenneth L. Childs and Allen D. Smith, both of Childs & Halligan; Scott T. Justice, of Haynsworth, Baldwin, Johnson & Greaves, all of Columbia; and Thomas M. Christina, of Haynsworth, Baldwin, Johnson & Greaves, of Greenville, for appellants/respondents.

J. Lewis Cromer, of Cromer & Mabry; and Benjamin A. Dunn, II, of Zeeff & Mitchell, both of Columbia, for respondents/appellants.

CONNOR, Judge:

Several current and retired employees of the South Carolina Department of Corrections filed suit, claiming they were erroneously enrolled in the South Carolina Retirement System. The trial court agreed and ordered their retroactive enrollment in the Police Officers Retirement System, but denied their claim for attorney fees. We reverse the trial court's order concerning retroactive enrollment, but affirm the denial of attorney fees.

## FACTS/PROCEDURAL HISTORY

James L. Harvey, George N. Martin, W.T. Cave, James D. Beam, John H. Carmichael, and Judy Anderson (Employees) are current or recently-retired senior employees of the South Carolina Department of Corrections (SCDC). Prior to 1983, SCDC enrolled Employees in the South Carolina Retirement System (SCRS). Under SCDC policy, only uniformed security personnel were placed into the Police Officers Retirement System (PORS), an alternative system for qualified "police officers." Initially, Employees were satisfied with placement in SCRS because the benefits were better than those of the newly-established PORS. Over the years, however, PORS benefits became substantially superior. Employees began to question whether they should have been enrolled in PORS and whether they could switch systems. However, they were consistently told they could not change systems.

In 1983, SCDC promulgated a plan to convert all Department personnel from SCRS to PORS, based on a consideration of the amount of each employee's continuous state service and the amount of inmate contact. As a result, in September of that year, Employees were admitted prospectively into PORS.

Despite their prospective inclusion in PORS, Employees continued to seek PORS benefits for previous service years. They requested all their service time be transferred from SCRS to PORS, but were informed they could not change systems. SCDC officials repeatedly told them the inequitable benefit distribution factors between SCRS and PORS would eventually be eliminated. In the meantime, Employees learned that select SCDC personnel had been placed in PORS, either from their initial employment date, or as a result of switching from SCRS.

Prior to 1988, no statutory mechanism existed for transferring credited service from SCRS to PORS. In 1988, however, the General Assembly enacted an amendment to the PORS statutory scheme expressly permitting the transfer of credited service from SCRS on payment of "the full cost as determined by the actuary." Act No. 658, 1988 S.C. Acts 6092. Subsequently, the cost provision was amended in 1989, effectively lowering the conversion cost by only requiring the employee

to pay a "conversion fee" of five percent for each year transferred. S.C.Code Ann. § 9–11–40(9) (Supp.1998); Act No. 123, 1989 S.C. Acts 323. Despite being able to transfer service credit under the statute, Employees maintained they should not have to pay the conversion fee because they should have been enrolled in PORS in the first instance.

SCDC Commissioner Parker Evatt (Evatt) began discussions with SCRS in an effort to formulate a more affordable conversion plan for Employees. Unfortunately, his efforts were unsuccessful, and on July 23, 1993, he issued a memorandum to several SCDC employees, including five of the six plaintiffs herein, informing them that, despite "every possible effort" to resolve the situation satisfactorily, "no other solution can be found beyond that which is already provided [by statute]."

Therefore, in August of 1993, Employees filed suit against SCDC, Evatt, and the South Carolina State Budget and Control Board (the Board). They alleged they had been enrolled improperly in SCRS rather than PORS. The Board denied their claims and raised several affirmative defenses. It also counterclaimed against Employees and cross-claimed against Evatt and SCDC. Evatt and SCDC answered Employees' complaint and cross-claimed against the Board.

The case eventually was heard in a bench trial. The trial court found Employees met the statutory definition of "police officer," and therefore were "entitled to have their retirement records corrected and to be included in [PORS] for those years in which they sought membership and in which they were members of [SCRS], provided that they pay the difference (if any) in contribution for those years." The judge limited retroactive service credit in PORS to "the period of time that each made inquiry and was denied entry or told that they could not qualify." However, he denied Employees' request for attorney fees, finding the administrative decisions barring Employees' access to PORS were not arbitrary or capricious.

Thereafter, the trial court denied all post-trial motions. Evatt, SCDC, and the Board (Defendants) appealed. Employees cross-appealed concerning the beginning date for retroactive credit and attorney fees.

## LAW/ANALYSIS

### *Appeal of Defendants Parker Evatt, SCDC, and the Board*

#### I. Standard of Review

■ We have construed Employees' complaint liberally and have concluded that the action is best characterized as one for declaratory judgment. *See* Rule 8(f), SCRCP ("All pleadings shall be so construed as to do substantial justice to all parties."); S.C.Code Ann. § 15–53–130 (1977) (The Uniform Declaratory Judgments Act "is to be liberally construed and administered."); 26 C.J.S. *Declaratory Judgments* § 106 (1956) ("[T]he court may treat a suit as one for a declaratory judgment, even though it is not in form an action for a declaratory judgment, where the relief is declaratory in character.").

■ The Uniform Declaratory Judgments Act "does not create substantive rights or duties." *Felts v. Richland County,* 299 S.C. 214, 216, 383 S.E.2d 261, 262–63 (Ct.App.1989), *aff'd,* 303 S.C. 354, 400 S.E.2d 781 (1991); *see* S.C.Code Ann. §§ 15–53–10 to –140 (1977). Rather, it authorizes an action to establish a party's entitlement to a pre-existing right. *Noisette v. Ismail,* 299 S.C. 243, 247 n. 1, 384 S.E.2d 310, 312 n. 1 (Ct.App.1989), *rev'd in part by* 304 S.C. 56, 403 S.E.2d 122 (1991).

Employees allege a statutory right to PORS benefits, asserting they each met the definition of "police officer." S.C.Code Ann. § 9–11–10(6) (1986). Employees prayed for "an appropriate judicial determination as to their rights" to benefits under PORS. Therefore, we characterize the action as one for declaratory judgment.

■ A declaratory judgment action is neither legal nor equitable per se. Rather, its character is determined by the nature of the underlying issue. *Felts v. Richland County,* 303 S.C. 354, 400 S.E.2d 781 (1991); *Reyhani v. Stone Creek Cove Condominium II Horizontal Property Regime,* 329 S.C. 206, 494 S.E.2d 465 (Ct.App.1997). Courts "look to the kind of action in which the issue involved would have been decided if there were no declaratory judgment procedure." *Felts,* 299 S.C. at 216, 383 S.E.2d at 263.

In this case, the "underlying issue" is whether Employees met the statutory definition of "police officer" prior to 1983. Accordingly, Employees' right to relief is entirely statutory, and therefore the action is one at law. *See McKinney v. South Carolina Police Officers Retirement Sys.*, 311 S.C. 372, 429 S.E.2d 797 (1993) (holding the source of a right to PORS benefits is statutory, not contractual); *Anderson v. South Carolina Retirement Sys.*, 278 S.C. 161, 293 S.E.2d 312 (1982) (stating the right to retirement benefits is purely statutory).

■ Furthermore, "[u]nless the cause of action and the relief sought in a declaratory judgment action are distinctly equitable, the action will be considered one at law." *Noisette*, 299 S.C. at 247, 384 S.E.2d at 312; *see also* 26 C.J.S. *Declaratory Judgments* § 105 (1956). Here, Employees' sole right to relief is based on a question of statutory interpretation, and the remedy sought is provided in the error correction statute. S.C.Code Ann. § 9-1-1670 (1986). The underlying action, therefore, is first and foremost a question of law. *See Wallace v. Milliken & Co.*, 300 S.C. 553, 389 S.E.2d 448 (Ct.App.1990), *aff'd as modified by* 305 S.C. 118, 406 S.E.2d 358 (1991); *Murphy v. Valk*, 30 S.C. 262, 9 S.E. 101 (1889); *cf. Newberry Mills, Inc. v. Dawkins*, 259 S.C. 7, 190 S.E.2d 503 (1972) (an action brought pursuant to statutes permitting a taxpayer to contest the validity of a tax is an action at law).

Moreover, although Employees arguably invoked the trial court's equity jurisdiction by praying for retroactive relief not covered by the retirement statutes, the essential legal character of the underlying cause of action remains. *Felts*, 303 S.C. at 356, 400 S.E.2d at 782 ("An issue essentially one at law will not be transformed into one in equity simply because declaratory relief is sought."); *Legette v. Smith*, 226 S.C. 403, 85 S.E.2d 576 (1955). Accordingly, although we cannot disturb the trial court's factual findings on appeal unless unsupported by any evidence, we can correct any errors of law. *Rose v. Beasley*, 327 S.C. 197, 489 S.E.2d 625 (1997); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976).

## II. Statute of Limitations

■ Initially, Defendants argue the trial court erred as a matter of law in refusing to apply the relevant statute of

limitations. Employees assert Defendants cannot avail themselves of this defense because the action was filed pursuant to the trial court's equity jurisdiction. However, as discussed above, the underlying issue is one at law, and therefore a limitations defense may be available to bar recovery. *See Medlin v. South Carolina Farm Bureau Mut. Ins. Co.*, 325 S.C. 195, 480 S.E.2d 739 (1997); 26 C.J.S. *Declaratory Judgments* § 108(b) (1956). Six years is the proper limitations period for causes of action arising or accruing before April 5, 1988, with a three-year period applicable thereafter. S.C.Code Ann. § 15–3–530(2) (1977 & Supp.1998) (establishing statute of limitations for "an action upon a liability created by statute other than a penalty or forfeiture"); Act No. 432, 1988 S.C. Acts 2892.

▮▮▮ The statute of limitations begins to run on a statutory liability at the time the cause of action accrues. *Matthews v. City of Greenwood*, 305 S.C. 267, 407 S.E.2d 668 (Ct.App. 1991). In analyzing a limitations defense, "[t]he fundamental test for determining whether a cause of action has accrued is whether the party asserting the claim can maintain an action to enforce it." *Id.* at 269, 407 S.E.2d at 669. Thus, a particular cause of action accrues "at the moment when the plaintiff has a legal right to sue on it." *Id.* (citing *Brown v. Finger*, 240 S.C. 102, 124 S.E.2d 781 (1962)).

In this case, Employees' cause of action accrued in 1983 when Employees were transferred to PORS. It is undisputed Employees knew of their claim at that point. SCDC had approved only prospective admission into PORS, thereby denying Employees met the statutory definition of police officer. Accordingly, the six-year limitations period would have run in 1989. Employees' claim, filed in 1993, is therefore barred.

Employees contend the action is timely because their cause of action did not arise until 1988, when the General Assembly authorized retroactive purchase of time in PORS. However, if the cause of action arose in June of 1988, the applicable statute of limitations would be three years, not six. *See* S.C.Code Ann. § 15–3–530(2) (1977 & Supp.1998); Act No. 432, 1988 S.C. Acts 2892. The limitations period would have run in June of 1991. Again, Employees' claim, filed in 1993, would be barred.

 Employees argue Defendants are equitably estopped from asserting a statute of limitations defense. Essentially, they claim on-going "negotiations" with Defendants' administrators regarding retroactive PORS credit led them to believe the matter "could be solved out of court."

 A defendant will be estopped from asserting a statute of limitations defense "when the delay that otherwise would give operation to the statute has been induced by the defendant's conduct." *Dillon County School Dist. Number Two v. Lewis Sheet Metal Works, Inc.,* 286 S.C. 207, 218, 332 S.E.2d 555, 561 (Ct.App.1985); *accord Black v. Lexington School Dist. No. 2,* 327 S.C. 55, 488 S.E.2d 327 (1997). "This conduct may be either an express representation that the claim will be settled without litigation or actions suggesting a lawsuit is unnecessary." *Moates v. Bobb,* 322 S.C. 172, 175, 470 S.E.2d 402, 403 (Ct.App.1996).

In the case at bar, there is no evidence to support a claim of inducement, either by express representation or action. To the contrary, the evidence shows the opposite. According to Employees' own testimony, Defendants repeatedly and consistently told Employees that transferring retirement credit to PORS was not allowed. In 1988, when Employees became eligible to transfer credit under the statute, Defendants required Employees to make a monetary contribution in order to transfer retirement credits from SCRS to PORS. Efforts in the General Assembly to facilitate a more financially viable plan for Employees did not constitute an inducement to delay enforcement of their rights. Moreover, Employees were not parties to any proposals made by SCDC to the Board regarding the retirement systems. Therefore, these discussions cannot act as an inducement. Because Defendants did not induce Employees to delay initiation of a lawsuit, Employees' estoppel argument fails.

### Employees' Cross–Appeal

Employees raise two issues in their cross-appeal. First, they argue the trial court erred in granting retroactive admission into PORS only from the time each Employee first asked to transfer from SCRS to PORS. We need not address this issue because of our previous ruling.

Second, Employees contend the court erred in denying their request for attorney fees. It is well settled that, in the absence of a contract, attorney fees may not be recovered unless authorized by statute. *Jackson v. Speed,* 326 S.C. 289, 486 S.E.2d 750 (1997); *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E.2d 659 (1993). Employees argue fees should be granted based on section 15–77–300 of the South Carolina Code. This section, however, only authorizes the prevailing party to recover attorney fees in specified actions involving the State. S.C.Code Ann. § 15–77–300 (Supp.1998) ("In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action . . . the court may allow the prevailing [non-State] party to recover reasonable attorney fees to be taxed as court costs against the appropriate agency. . . ."). This section is not applicable under the facts of this case. The trial court did not abuse its discretion in refusing to grant attorney fees to Employees.

**AFFIRMED IN PART and REVERSED IN PART.**

GOOLSBY and ANDERSON, JJ., concur.