**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anchorage Plantation Homeowners Association,
Respondent,

v.

John B. Walpole and Theodora W. Walpole, Appellants.

Appellate Case No. 2016-000281

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-337
Heard April 17, 2018 – Filed July 25, 2018

———————

**AFFIRMED IN PART AND AFFIRMED AS MODIFIED IN PART**

———————

Charles S. Altman and Meredith L. Coker, both of
Altman & Coker, LLC, of Charleston, for Appellants.

George Trenholm Walker, of Walker Gressette Freeman
& Linton, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** In this declaratory judgment and injunction action, the Anchorage Plantation Homeowners Association (the Association) of Wadmalaw Island in Charleston County brought suit to determine the rights, if any, John and Theodora

Walpole (the Walpoles) had to access, use, and transfer access and use of a private drive and boat dock located within land subject to the "Declaration of Covenants, Conditions, and Restrictions for the Anchorage" (Declaration). After a bench trial, the circuit court found the Walpoles had no access or easement rights to the private drive and boat dock, and as a result, issued a "Court Ordered Cancellation of Easement Agreement," finding the express easement that had been granted to the Walpoles by the developer of the Association (Southern Lifestyles, Inc.) and recorded in the Charleston County registrar of deeds (Recorded Easement)[1] was invalid and void *ab initio*. The Walpoles appeal the circuit court's order. We affirm in part and affirm as modified in part.

1. We find Section 10.3 of the purchase agreement between the Walpoles and Southern Lifestyles, Inc. for the property known as Phase I and Phase II of the Anchorage Plantation did not create an easement for the Wadpoles' (1) personal use of any road within Phase I and Phase II for the purposes of ingress and egress to properties owned or leased by the Walpoles; or (2) personal access to Bohicket Creek over the community boat ramp and courtesy dock located in Phase II because at the time the parties executed the purchase agreement, the Wapoles still retained legal title to both Phase I and Phase II, as well as their other properties. *See Windham v. Riddle*, 370 S.C. 415, 635 S.E.2d 558 (Ct. App. 2006) ("An easement cannot exist where both the purported servient and dominant estates are owned by the exact same person."), *aff'd*, 381 S.C. 192, 672 S.E.2d 578 (2009). Moreover, the deed transferring title of Phase I and Phase II to Southern Lifestyles, Inc. does not contain such an easement. *See Wilson v. Landstrom*, 281 S.C. 260, 264, 315 S.E.2d 130, 133 (Ct. App. 1984) ("Where there is no mistake or fraud a deed executed subsequently to the making of an executory contract for the sale of land is generally regarded as conclusive evidence of a previous modification of the executory contract. A deed executed subsequent to the making of an executory contract for the sale of land supersedes that contract . . . ." (quoting *Charleston & Western Carolina Railway Co. v. Joyce*, 231 S.C. 493, 505, 99 S.E.2d 187, 193 (1957))). Accordingly, we affirm as modified the circuit court's finding that the Wadpoles were not entitled to an easement based upon the purchase agreement and the deed to Phase I and Phase II.

2. We find the Phase I and Phase II land was encumbered by the Declaration when

---

[1] Throughout this opinion, "Recorded Easement" refers collectively to the original easement agreement, recorded in the Charleston County Registrar of Deeds in November 2001—as well as the amended easement agreement, recorded in June 2002.

Southern Lifestyles, Inc. granted the Recorded Easement to the Walpoles. *See Kinard v. Richardson*, 407 S.C. 247, 259, 754 S.E.2d 888, 894–95 (Ct. App. 2014) (finding that when the exhibit to the restrictive covenants referenced a plat, the land shown on that plat was subject to the restrictive covenant). We also agree with the circuit court's construction of the Declaration: Southern Lifestyles, Inc. was explicit and specific about the rights it reserved for itself within the Declaration, and unless Southern Lifestyles, Inc. followed the procedure set forth in the Declaration when adding new property to the Association and subjugating that new property to the Declarations' covenants and restrictions, Southern Lifestyles Inc. could not grant that property access to or use of the Association's private road and boat dock. *See Snow v. Smith*, 416 S.C. 72, 89–90, 784 S.E.2d 242, 251 (Ct. App. 2016) (stating a developer may "amend restrictive covenants running with the land or impose new restrictive covenants running with the land, provided . . . the developer . . . strictly compl[ies] with the amendment procedure as set forth in the declaration of covenants" (quoting *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 350, 628 S.E.2d 902, 907 (Ct. App. 2006))). To hold otherwise would contravene Section 16.12 of the Declaration. *See Palmetto Dunes Resort v. Brown*, 287 S.C. 1, 6, 336 S.E.2d 15, 18 (Ct. App. 1985) (stating the paramount rule of construing a restrictive covenant is to "ascertain and give effect to the intent of the parties as determined from the whole document"). Accordingly, we find the Declaration did not give Southern Lifestyles, Inc. the authority to transfer the type of interest it was attempting to transfer to the Walpoles in the Recorded Easement; thus, we affirm the circuit court's finding that the Recorded Easement was invalid and, therefore, void *ab initio*. *See Belue v. Fetner*, 251 S.C. 600, 606–07, 164 S.E.2d 753, 756 (1968) (stating a deed cannot convey an interest the grantor does not have); *Snow*, 416 S.C. at 84, 784 S.E.2d at 248 ("A grant of an easement is to be construed in accordance with the rules applied to deeds and other written instruments." (quoting *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct. App. 2001))).

3.  Because we find the Recorded Easement was invalidly conveyed, we need not address the circuit court's additional findings that the Recorded Easement was substantively invalid. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating appellate court need not address remaining issues when disposition of prior issue is dispositive).

4.  We find that, as a real party in interest, the Association had standing to bring this suit. *See Bailey v. Bailey*, 312 S.C. 454, 458, 441 S.E.2d 325, 327 (1994) ("To have standing, a party must have a personal stake in the subject matter of a lawsuit."); *id.* (stating in South Carolina, to have standing a party must also be a "real party in

interest," which is a party "who has a real, actual, material or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action"). We find the Walpoles' argument that the Association was acting outside the scope of its corporate powers in commencing this suit is not appropriate for a standing analysis, but rather, must be asserted by the Attorney General, or a director of the corporation, or a member of the corporation in a derivative action. *See* S.C. Code Ann. § 33-31-304 (2006). Further, even if the Walpoles' *ultra vires* argument was appropriate, we find it is without merit, because, under the Declaration, the Association is only required to achieve a seventy-five percent member vote to commence litigation on a matter when the amount-in-controversy is over $25,000; whereas, in this case, the relief requested was declaratory and injunctive. *See Nichols Holding, LLC*, 416 S.C. at 336, 785 S.E.2d at 617 ("When the language of a contract is clear and unambiguous, the determination of the parties' intent is a question of law for the court." (quoting *Wallace v. Day*, 390 S.C. 69, 74, 700 S.E.2d 446, 449 (Ct. App. 2010))).

5. Because we find the question of whether an express easement is valid sounds in equity, we find the statute of limitations does not bar the Association from challenging the validity of the Recorded Easement. *See Parr v. Parr*, 268 S.C. 58, 67, 231 S.E.2d 695, 699 (1977) (holding statute of limitations does not apply in equity action); *Harvey v. S.C. Dep't of Corr.*, 338 S.C. 500, 506, 527 S.E.2d 765, 768–69 (Ct. App. 2000) ("A declaratory judgment action is neither legal nor equitable per se. Rather, its character is determined by the nature of the underlying issue."); *see also SPUR at Williams Brice Owners Ass'n, Inc. v. Lalla*, 415 S.C. 72, 82, 781 S.E.2d 115, 120 (Ct. App. 2015) ("An action to enforce restrictive covenants by injunction is in equity." (quoting *S.C. Dep't. of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001))); *Skipper v. Perrone*, 382 S.C. 53, 57, 674 S.E.2d 510, 512 (Ct. App. 2009) (an action assessing validity of a deed is in equity); *O'Cain v. O'Cain*, 322 S.C. 551, 560, 473 S.E.2d 460, 465 (Ct. App. 1996) (an action for an injunction is in equity).

6. We find the circuit court was within its discretion in finding the Association was not barred from challenging the validity of the Recorded Easement by the doctrine of laches. *See Brown v. Butler*, 347 S.C. 259, 265, 554 S.E.2d 431, 434 (Ct. App. 2001) ("The determination of whether laches has been established is largely within the discretion of the trial court."). While the Association waited at least nine years after having constructive notice of the Recorded Easement to file the present lawsuit—and, in that time, the Walpoles expended time, energy, and money applying for the approval of their property's subdivision—the Walpoles were aware of the Association's objections to the validity of the Recorded Easement during the

subdivision application process, as evidenced by a letter the Association sent to the Charleston County Planning Department expressing that objection. *See Chambers of S.C., Inc. v. County Council for Lee County*, 315 S.C. 418, 421, 434 S.E.2d 279, 280 (1993) ("Under the doctrine of laches, if a party, knowing his rights, does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise *detrimentally change his position*, then equity will ordinarily refuse to enforce those rights.") (emphasis added). Further, the Walpoles have not sold any of the lots in Phase III, nor are they prohibited from accessing the Phase III land via roads they have built through the Phase III property or via the easement in gross reserved for them in the purchase agreement of the Phase I and Phase II property. *See Brown v. Butler*, 347 S.C. 259, 265, 554 S.E.2d 431, 434 (Ct. App. 2001) ("Delay alone is not enough to constitute laches; it must be unreasonable, and the party asserting laches must show prejudice.").

7. We find the Association is not barred from challenging the validity of the Recorded Easement by the doctrines of waiver or estoppel. *See Queen's Grant II*, 368 S.C. at 358, 628 S.E.2d at 911 ("Estoppel arises when a party, relying upon what another has said or done, changes his position to his detriment. A claim of estoppel includes elements for the party asserting estoppel and the party estopped.") (citation omitted); *id.* (stating the elements of estoppel as to the estopped party are: "a misrepresentation or nondisclosure, intent to induce the other party to act, and actual or constructive knowledge of the true facts," and the elements to the party claiming estoppel are: "lack of knowledge, or means of acquiring knowledge of the true facts, reasonable reliance, and prejudicial change of position"); *see also King v. James*, 388 S.C. 16, 30, 694 S.E.2d 35, 42 (Ct. App. 2010) ("A waiver is a voluntary and intentional abandonment or relinquishment of a known right."); *Lyles v. BMI, Inc.*, 292 S.C. 153, 158–59, 355 S.E.2d 282, 285 (Ct. App. 1987) ("An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable.").

8. We find the circuit court properly found the doctrine of unjust enrichment is not an affirmative defense: unjust enrichment is an equitable remedy and must be asserted as a claim, counterclaim, or cross-claim. *See* Rule 8, SCRCP. Regardless, even if the Walpoles had properly counterclaimed for unjust enrichment, they have failed to establish the elements necessary to be granted relief under the doctrine. *See Chase Home Fin., LLC v. Risher*, 405 S.C. 202, 212, 746 S.E.2d 471, 476–77 (Ct. App. 2013) ("One seeking to recover for unjust enrichment must show: '(1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that

make it inequitable for him to retain it without paying its value.'" (quoting *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach,* 341 S.C. 1, 8–9, 532 S.E.2d 868, 872 (2000))).

9. Finally, to the extent the Walpoles have challenged the circuit court's balancing of the equities in determining whether the Association's requested relief of an injunction and court ordered cancellation of the Recorded Easement was an appropriate remedy, we find the circuit court was within its discretion to grant the injunction. *See Gibbs v. Kimbrell*, 311 S.C. 261, 270, 428 S.E.2d 725, 730 ("The remedy of injunction rests in the sound discretion of the trial court."); *see also Buffington v. T.O.E. Enterprises*, 383 S.C. 388, 392–93, 680 S.E.2d 289, 291 (2009) (balancing the equities to find injunctive relief was appropriate despite the over $700,000 expended to make improvements on the lot in violation of a restrictive covenant because "[t]o find otherwise would indicate that any business could defeat a restrictive covenant by spending a significant amount of money developing the land").

**AFFIRMED IN PART AND AFFIRMED AS MODIFIED IN PART.**

**SHORT, THOMAS, and HILL, JJ., concur**